IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY L. THOMPSON | § | |
| v. | § | CIVIL ACTION NO. 6:11-CV-636 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. In his objections, Plaintiff attempts to differentiate between the definition of a "moderate limitation" as it was used by consultative examiner Dr. Reams (Tr. at 510) ("moderate" means "more than a slight limitation in this area but the individual is still able to function satisfactorily") and as posed to the vocational expert during the administrative hearing by counsel and by the Administrative Law Judge ("ALJ").

During the hearing, counsel asked the vocational expert to consider

> an individual who had a vocationally significant limitation in the ability to understand, remember and carry out simple instructions, make judgments on simple work-related decisions, interact appropriately with the public, supervisors and co-workers and respond appropriately to usual work situations and to changes in the routine work setting.

Tr. at 586. The vocational expert asked if that was a "moderate" limitation, to which counsel responded, "Yes. . . ." Tr. at 587. The vocational expert then testified that "the combination of all of those together would probably preclude all work." *Id*. However, counsel did not address that "the

individual is still able to function satisfactorily" in his question as posed to the vocational expert. After counsel finished his examination, the ALJ then asked the vocational expert:

> If the definition of moderate was there - - a slight limitation in the area, that the individual is still able to function satisfactorily, would that change some of your testimony about moderate?

*Id*. at 588. The vocational expert then responded:

> Yeah, it's - - yeah, because I was thinking about moderate being a bit more severe than that, Judge, but - - but if the word slight is in there, even though we have that combination of the limitations the attorney gave, that - - you know, once again, as I've been explaining, these are really low level, unskilled-type jobs. And, so, I - - I think that the - - you know, that, that, individual would still be able to function in those jobs.

*Id*. Clearly, the vocational expert understood the ALJ's question and properly put it in the context of "the individual is still able to function satisfactorily" despite the difference between a "slight" and a "more than a slight" limitation in the definition of "moderate," to testify that the individual could still perform the work he had identified at Step Five. Although counsel during the administrative hearing again challenged the definition of the term "moderate limitation," the ALJ asked the vocational expert what the term "able to function satisfactorily" indicated. *Id*. at 589. The vocational expert responded, "Well, if he's still able to function satisfactorily, then - - then he, basically, can complete an eight-hour day." *Id*. The ALJ was entitled to rely on that response.

Having conducted a *de novo* review, this Court finds the Report and Recommendation to be correct. Therefore, Plaintiff's objections are without merit and will be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

2

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 25th day of March, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**